IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 6:24-cr-10141-EFM-2 |
| v. | ) |
| | ) |
| Cameron Rigsby, Defendant. | ) |
| | ) |

## MOTION TO CONTINUE

COMES NOW the Defendant, CAMERON RIGSBY, by and through his counsel, David L. Miller, and requests an order from this Court continuing the status conference, jury trial, and motion deadline for 30 days. In support of this motion, the Defendant states as follows:

l. The current schedule for this case is:
   a. Status Conference: July 28, 2025 @ 10:30 am.
   b. Jury trial: August 5, 2025 @ 9 am
   c. Motions deadline: July 7, 2025

li. Defendant is requesting to continue all three deadlines.

lii. Counsel has contacted the government regarding their position on a continuance but have not received an answer at the time of the filing of this motion.

liii. Counsel requested discovery in this matter on May 21, 2025, after counsel entered his appearance on May 19, 2025. The government informed counsel that discovery was provided to previous counsel, Robert Moody, and current counsel would have to get the discovery from Mr. Moody. Counsel obtained some of the discovery from Mr. Moody on or about May 22, 2025. Upon review of the discovery, counsel again reached out to the government to ensure he had received all of the discovery in this case on June 16, 2025. Counsel attached two indices outlining the discovery Moody provided to counsel. The government responded that it could not confirm whether counsel had received "all" of the discovery because it did not know what (beyond the two indices provided) counsel had received from Mr. Moody. The government further informed counsel there were lab reports that had been emailed to Mr. Moody and current counsel would have to get those reports from Mr. Moody. Counsel requested these reports from Mr. Moody, but, to date, has not received them. Counsel again requested of the government copies of the lab reports on July 1, 2025, but has not received a reply likely due to the approaching holiday.

liv. While there is no general constitutional right to discovery, the government must disclose *Brady* material and disclosures required pursuant to Rule 16. United States v. Chief, 487 F.Supp.3d 1162, 1166 (D. Kan. 2020)[1] To date, counsel does not know if he has received all of the discovery he is entitled to in this case, and he is certain that he has not received any lab reports. Counsel has exercised due diligence in this matter; however, a continuance is needed in order for counsel to properly prepare this case. 18 U.S.C. § 3161(h)(7)(B)(iv).

6. Additional time is needed to ensure counsel has received all of the discovery in this case, review the same with Mr. Rigsby and consult with him regarding defense strategy.

7. Mr. Rigsby is currently in custody at Butler County Jail, 701 SE Stone Road El Dorado, KS 67042.

8. For these reasons, the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7). "[S]ubsection (h)(7) expressly accounts for the possibility that a district court would need to delay to give the parties adequate preparation time." *Bloate v. United States*, 559 U.S. 196, 213 (2010). "[A] district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on recorded findings 'that the needs of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id*. At 214. This subsection provides "[m]uch of the Act's flexibility," and gives district courts "discretion . . . to accommodate limited delays for case specific needs." *Zedner v. United States*, 547 U.S. 489, 498-99 (2009). Those needs are present here.

9. Defendant Rigsby has been informed of the statutory right to a speedy trial, and does not object to the tolling of speedy trial time during the period from the filing of this motion to the Court's order on the motion, and the period of the initial trial setting to the new trial setting scheduled by the Court.

WHEREFORE, the Defendant asks the Court to make the required findings and continue jury trial for 30 days, setting new deadlines related to pretrial motions, if necessary, and scheduling a status conference in conformity with the new date.


Respectfully submitted,
/s/David L. Miller
David L Miller, #26928
The Law Office of David L Miller LLC
300 W. Douglas, Suite 355
Wichita, KS 6 7202
Phone: (316)201-6414
Fax: (316)712-4453
David@TheLawOfficeofDavidLMiller.com
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing to the following:

Debra Barnett
Debra.Barnett@usdoj.gov

<u>/s/ David L. Miller</u>
The Law Office of David L Miller, LLC
300 W. Douglas, Suite 355
Wichita, KS 67202
Phone: (316) 201-6414
Fax: (316) 712-4453
David@TheLawOfficcofDavidLMiller.com
ATTORNEY FOR DEFENDANT