**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case Nos: 6:24-cr-10141-EFM-2 |
| | ) |
| CAMERON RIGSBY, | ) |
| | ) |
| **Defendant.** | ) |

**MOTION TO COMPEL DISCOVERY**

COMES NOW the Defendant, CAMERON RIGSBY, by and through undersigned counsel,

and moves this Court, pursuant to FED. R. CRIM. P. 16(d) and all other applicable rules, statutes,

Brady v. Maryland, 373 U.S. 83 (1963), the Sixth Amendment to the United States Constitution, and

Sections 6, 9, and 14 of the Court's Scheduling Order of January 29, 2025, for an order compelling

the government to provide counsel with all discovery originally requested by counsel for the

Defendant on or about May 21, 2025.  In support of this motion, the Defendant states as follows:

1.  In United States v. Chief, 487 F. Supp. 3d 1162 (D.N.M. 2020), the federal district court

set forth the government's general discovery obligations in a federal criminal case:

> There is no general constitutional right to discovery in a criminal case. See
> *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). The
> government, however, must make the disclosures required by *Brady v. Maryland*, 373
> U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and by the Federal Rules of Criminal
> Procedure.
>
> Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that
> "[u]pon a defendant's request, the government must permit the defendant to inspect
> and to copy" documents "within the government's possession, custody, or control"
> if "(i) the item is material to preparing the defense; (ii) the government intends to use
> the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to
> the defendant." Fed. R. Crim. P. 16(a)(1)(E). Items that fall under the purview of

Rule 16 include "books, papers, documents, data, photographs, tangible objections, buildings or places." Id. Rule 16 also extends to "the results or reports of any physical or mental examination and of any scientific test or experiment." Id. at (a)(1)(F) . . .

The Supreme Court has explained that, in the context of Rule 16, evidence "material to preparing the defense" refers specifically to evidence that responds "to the Government's case in chief" rather than simply any evidence that might ultimately prevent a conviction. *United States v. Armstrong*, 517 U.S. 456, 462, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

487 F. Supp. 3d AT 1166–67.

2.  Further, Fed. R. Crim. P. 16(d)(2) provides as follows:

If a party fails to comply with this rule, the court may:

(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

(B) grant a continuance;

(C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.

3.  In the present case, counsel entered his appearance on May 19, 2025. On May 21, 2025, counsel requested discovery in this matter by email to the U.S. attorney. The government informed counsel that discovery was provided to previous counsel, Robert Moody, and current counsel would have to get the discovery from Mr. Moody.

4.  Counsel obtained some of the discovery from Mr. Moody on or about May 22, 2025. Upon review of the discovery, counsel was unsure whether he had received all of the discovery in this matter. On June 16, 2025, counsel again reached out to the government to ensure he had received all of the discovery in this case. Counsel attached two indices outlining the discovery Mr. Moody had provided to counsel. The government responded that it could not confirm whether counsel had

received "all" of the discovery because it did not know what discovery (beyond the two indices provided) counsel had received from Mr. Moody. The government further informed counsel there were lab reports that had been emailed to Mr. Moody and current counsel would have to get those reports from Mr. Moody.

5. Counsel requested these reports from Mr. Moody, but, to date, he has not received these reports. Counsel again requested of the government for copies of the lab reports on July 1, 2025, but has not received a reply likely due to the approaching holiday.

6. To date, counsel still does not know whether he has received the entirety of the government's discovery in this matter. Counsel is certain there are lab reports that he has not received as evidenced by the government's email response to him dated June 16, 2025.

7. Counsel has made a good faith effort to obtain the discovery in this matter; however, the government has failed to comply with Rule 16 and this Court's Scheduling Order of January 29, 2025, with respect to current counsel. Counsel understands the government has provided discovery to previous counsel, and current counsel has made an effort to obtain said discovery from Mr. Moody. However, counsel has not confidence that he has received all of the discovery in this case, and, for certain, he has not receive the lab reports.

8. Current counsel should not be dependent upon previous counsel to ensure he has all of the discovery in this case especially when former counsel has not responded to request for the lab reports.

9. Under Rule 16(d)(2), this Court has available to it options when fails to follow the dictates of Rule 16. Counsel specifically requests that this Court enter an order compelling the government to provide all of the discovery in this case as provided in this Court's Scheduling Order and pursuant to the written request of counsel dated May 21, 2025 (attached hereto).

10. A continuance is another option this Court has under Rule 16(d)(2). A request for continuance has been filed contemporaneously with this Motion to Compel.

WHEREFORE, the Defendant requests that this Court enter an order compelling the government to provide a full copy of the discovery in this matter, including all lab reports, so the Defendant may be able to prepare a defense in this case, have the full benefit of his Sixth Amendment right to the effective assistance of counsel, and/or to be in a position to intelligently pursue a plea bargain with the government if that is the decision he ultimately decides to make.

Respectfully submitted,

/s/David L. Miller
David L. Miller #26928
The Law Office of David L. Miller
300 W. Douglas Ave., Suite 355
Wichita, KS 67202
(316) 201-6414
FAX: (316) 712-4453
David@TheLawOfficeOfDavidLMiller.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion to compel was electronically filed with the CM/ECF system on July 3, 2025, which will send a notice of electronic filing to Debra Barnett, Assistant United States Attorney, at Debra.Barnett@usdoj.gov

/s/ David L. Miller
David L. Miller

**THE LAW OFFICE OF**
**DAVID L. MILLER**
300 W. Douglas Ave., Suite 355
Wichita, KS  67203

Telephone: (316) 201-6414
Fax: (316 712-4453)

May 21, 2025                                                    **Sent by Electronic Mail**

Debra Barnett
Debra.Barnett@usdoj.gov
Assistant United States Attorney
301 N. Main # 1200
Wichita, KS  67202
Re:
        Discovery - *U.S.A. v. Cameron Rigsby*{District Court No: 6:24-cr-10141-
        EFM-2

Dear Ms. Barnett:

I write to request production of discovery materials.  Pursuant to FED. R. CRIM. P. 16 and all
other applicable rules and statutes, I request the following:

1.    **The Defendant's Statements:**  Under FED. R. CRIM. P. 16(a)(l)(A), the
defendant is entitled to disclosure of all copies of any written or recorded
statements made by the defendant; the substance of any statements made by the
defendant which the government intends to offer in evidence at trial; any response
by the defendant to interrogation; the substance of any oral statements which the
government intends to introduce at trial, and any written summaries of the
defendant's oral statements contained in the handwritten notes of the government
agent; any response to any *Miranda* warnings which may have been given to the
defendant (*See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); and, any
other statements by the defendant that are discoverable under FED. R. CRIM. P.
16(a)(1)(A).  The Advisory Committee Notes as well as the 1991 amendments to
Rule 16 make it clear that the government must reveal all the defendant's
statements, whether oral or written regardless of whether the government intends
to introduce those statements.

2.    **Defendant's Prior Record:**  I request under FED. R. CRIM. P. 16(a)(1)(D) a copy
of the defendant's prior criminal record, if any, as is within your possession,
custody, or control.

**30**

3.  **Arrest Reports, Notes and Dispatch Tapes:**  The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding the defendant's arrest or any questioning, if such reports have not already been produced in their entirety, be turned over.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained.  This is all discoverable under FED. R. CRIM. P. 16(a)(1) and *Brady v. Maryland*, 373 U.S. 83 (1963).  Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under FED. R. CRIM. P. 16(a)(1)(B) and (C), FED. R. CRIM. P. 26.2 and 12(i).

4.  **Documents and Tangible Objects:**  The defendant requests, under FED. R. CRIM. P. 16(a)(1)(E), the opportunity to inspect and copy as well as test, if necessary, all physical evidence, other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

5.  **Reports of Scientific Tests or Examinations:**  Pursuant to FED. R. CRIM. P. 16(a)(1)(F), I request the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or which are intended for use by the government as evidence in chief at the trial.

6.  **Expert Witnesses:**  I request pursuant to FED. R. CRIM. P. 16(a)(1)(G), a written summary of testimony the government intends to use under FED. R. EVID. 702, 703 or 705 during its case-in-chief at trial.  The summary must describe the witnesses' opinions, the bases and reasons for the opinions, and the witnesses' qualifications.

7.  **Brady and Giglio Materials:**  Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), I make the following general request for production of any material, including but not limited to any information, whether written or oral, which is in any way exculpatory of or favorable to the defendant, or consistent with his innocence or inconsistent with the defendant's guilt, or inconsistent with the testimony of any witness whom the government intends to call during the trial of the case, or would provide information impeaching the credibility of any witness whom the government intends to call during the trial of this case. *See also Giglio v. United States*, 405 U.S. 150 (1972).

2

Specifically, I make the following *Brady* and *Giglio* requests:

(a)     To inspect/copy/photograph any and all records and information indicating prior felony convictions or findings of guilt or juvenile adjudications attributed to each witness to be called by the government, including, but not limited to, relevant "rap sheets" or other relevant criminal history reports as to each such witness.

(b)     To inspect/copy/photograph any and all records and information indicating any criminal charges pending against any government witness in any jurisdiction which have not been disposed of by either conviction or acquittal.

(c)     To inspect/copy/photograph any and all records and information indicating prior misconduct or bad acts attributed to any government witness.

(d)     To inspect/copy/photograph any and all records and information indicating any consideration or promises of consideration to be given to or on behalf of the government witness.  By "consideration," the defendant refers to absolutely anything of value or use to a government witness or to persons of concern to the government witness, including, but not limited to, formal or informal, direct or indirect:  leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, immigration, tax court, court of claims, administrative or other dispute with the government or with any other authority or with any other parties; criminal, civil or tax immunity grants; relief from forfeiture; relief from deportation; pretrial diversion or deferred prosecution program; payment of money, rewards, or fees, witness fees and special witness fees, provision of food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program," or informer status of the witness; and anything else which arguably could reveal any interest, motive, or bias in the witness in favor of the government or against the defense or act as an inducement to testify or to color one's testimony.

(e)     To inspect/copy/photograph any and all records and information indicating any threats, express or implied, direct or indirect, or other coercion made or directed against any government witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred prosecution or custodial status of the witness, and any civil tax court, court of claims, immigration, administrative, or other pending or potential legal disputes or transactions with the government or potential legal disputes or transactions with the government or over which the government has real,

3

apparent, or perceived influence as to the outcome.

(f)    Disclosure of the existence and identification of each occasion on which any government witness has testified before any court, grand jury, or any other tribunal or body or otherwise officially narrated in relation to this defendant, or the investigation of the facts of this case.

(g)    Disclosure of the existence and identification of each occasion on which any government witness who was or is an informer, accomplice, coconspirator, or expert has testified before any court, grand jury, or other tribunal or body.

(h)    Disclosure of the existence and identification of each occasion in which any government witness has temporarily or permanently refused to answer questions in relation to this case, including, but not limited to, requests for an attorney prior to answering any question.

(i)    To inspect/copy/disclose any and all records and information indicating psychiatric treatment or treatment for alcohol/drug abuse or addiction of any government witness.

(j)    To inspect/copy/disclose any and all records and information indicating material inconsistencies between statements given by any witness (including inconsistent statements by the same person and statements of different persons that are consistent) to the government, and all statements or other information which would tend to impeach the credibility of any intended government witness.

8.    **Government Examination of Law Enforcement Personnel Files:**  I request that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting any confidential informants in this case.  The defense requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory. *See Kyles v Whitley*, 514 U.S. 419 (1995).

9.    **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth  Telling:**  The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*,  851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

10.    **Names of Witnesses Favorable to the Defendant:**  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North*

4

*Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979).

11. **Statements Relevant to the Defense:**  The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that the defendant might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements made by percipient witnesses about identifications of the perpetrators of this offense in general and about the defendant in particular.

12. **Electronic Surveillance:**  Pursuant to Title III of the Organized Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq*., please disclose the existence and circumstances of all electronic surveillance conducted of the defendant's wire and/or telephonic communications.  With respect to surveillance conducted under court order pursuant to the statute, please make available all logs, recordings, summaries, pen registers, orders and inventories relating to such interceptions.

13. **Request for Preservation of Evidence:**  The defendant specifically requests that all dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests and any evidence seized from any third party.  It is requested that the government question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

14. **Jencks Act Material:**  The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and FED. R. CRIM. P. 26.2. These materials are producible after a witness testifies at a pretrial motion to suppress, FED. R. CRIM. P. 12(i), and after a witness testifies at trial. 18 U.S.C. § 3500.  I specifically request pretrial production of these statements so that the court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination.

15. **Evidence of Other Crimes, Wrongs, or Acts:**  I request that the government advise the defense of its intent to use at trial any evidence of "other crimes, wrongs, or acts" of any defendant, as that phrase is used in FED. R. EVID. 404(b), and evidence of specific instances of sexual behavior and other sexual assault offenses as referenced in FED. R. EVID. 412 and 413.  In regard to such notice, I ask that the government identify and describe:
    (a)    the dates, times, places, and persons involved in the crimes, wrongs or acts;
    (b)    the statements of each participant in the crimes, wrongs or acts;

5

      (c)      the documents which contain evidence of the other crimes, wrongs or acts; and

      (d)      the issue(s) to which the government believes such other crimes, wrongs or acts is relevant under Rule 404(b).

16.    **Evidence of Specific Instance of Conduct:**  I ask that the government advise the defense of its intent to use at trial any evidence of "specific instances of conduct" of any defendant as that phrase is used in FED. R. EVID. 608(b).  In regard to this notice, I ask that the government identify and describe:

      (a)      the dates, times, places, and persons involved in the specific acts of misconduct;

      (b)      the statements of each participant in the specific acts of misconduct; and

      (c)      the documents which contain evidence of these specific acts of misconduct.

17.    **Notice of Government's Intent to Use Evidence:**  Pursuant to FED. R. CRIM. P. 12(d)(2), I ask that the government disclose its intent to use in its case-in-chief at trial any evidence that is discoverable under FED. R. CRIM. P. 16 and is arguably subject to a motion to suppress evidence under FED. R. CRIM. P. 12(b)(3).

18.    **Coconspirator Statements:**  I assume that the government may use evidence of coconspirator statements at the trial of this case pursuant to FED. R. EVID. 801(d)(2)(E).  If so, I ask that the government agree to furnish the defense with a written proffer setting forth the specific co-conspirator statements that are intended to be offered and identifying the following:

      (a)      independent proof of an overall conspiracy;

      (b)      independent proof of each defendant's membership in the conspiracy; and

      (c)      independent proof that each statement was made during the course of and in furtherance of the conspiracy.

*See United States v. Bourjailly*, 483 U.S. 171 (1987); *United States v Bell*, 573 F.2d 1040 (8th Cir 1978).

## Defendant's Acknowledgment of Reciprocal Discovery Obligations

In making these requests for discovery, I acknowledge our obligations and duties to provide the government with reciprocal discovery and agree to furnish the government with discovery as to the following matters:

1.    To inspect/copy/photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the defendant, and which the defendant intends to introduce as evidence in chief at trial, FED. R. CRIM. P. 16(b)(1)(A);

6

2.    To inspect/copy/photograph any results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession, custody or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony, FED. R. CRIM. P. 16(b)(1)(B); and

3.    To disclose a written summary of testimony the defendant intends to use under FED. R. EVID. 702, 703, or 705 as evidence at trial, including a description of the witnesses' opinions, the bases and the reasons for the opinions, and the witnesses' qualifications. FED. R. CRIM. P. 16(b)(2).

## Rule 16.1

I understand that each side will endeavor to meet our obligations under Rule 16 in a timely manner.

Thank you for your assistance in this matter.

Sincerely,

*/s/ David L. Miller*
Attorney for Cameron Rigsby

7