IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v ) | Case No.:  24-10141-02-EFM |
| ) | |
| CAMERON RIGSBY, ) | |
| ) | |
| *Defendant*. ) | |
| _____ ) | |

## **ORDER**

Defendant was previously represented by Robert Moody, but as of May 19, 2025 is now represented by David Miller. Upon entering the case, Mr. Miller requested the government to provide him with discovery. The government responded that he should get it from prior counsel. Mr. Miller reports that he received some discovery from Mr. Moody on or about May 22, 2025, but was unsure of whether he had received all discovery. So, he reports that on June 16, 2025 he again contacted the government to ensure that he had received all discovery. He claims the government responded that it did not know if he had received everything because it did not know what he had received, and that he should obtain discovery from prior counsel. After much communication regarding this matter, he now asks the Court to enter an order compelling the government to provide full discovery in this matter.

In the Court's lengthy experience, the government has always been prompt, diligent and cooperative in providing defense counsel with discovery. Its position in this case is at stark variance from that practice. Its position is that it has fully complied with its obligation by producing discovery once to prior counsel, and it is no longer the government's responsibility to

provide discovery. The government instead asserts that the obligation lies between past and current defense counsel. It argues that "the fact that prior counsel does not respond as expected does not create a separate legal obligation by the United States to produce additional complete sets of discovery materials for defense counsel." No authority is cited for this position, that it is prior counsel, not the government, who is legally obligated to produce discovery.

The problem with this position made out of whole cloth is instantly apparent: if defendant is prejudiced by not receiving full discovery, but that is an obligation of prior counsel and not the government, then significant prejudicial due process matters arise. The government's complaint that granting present counsel's request is burdensome because it should not be required to copy everything again is incredibly insignificant in this context.

The government's response brief to the motion to compel contains an astonishing statement: "Before requesting that this Court order the government to produce a second complete set of discovery, Mr. Miller should specifically state what he is missing and offer an explanation as to why he does not have it." Clearly one of the most illogical requests the Court has seen. How is Mr. Miller supposed to tell the government what he doesn't have, since (not having it) he likely does not know it exists? And even if he knew that something did exist that he did not have, how could he be expected to provide the reason that he didn't have it? I suppose he could say, he doesn't have it because the government hasn't given it to him, as they are required to do; which is the whole point of this motion.

Normally, the Court would direct the parties to work together to make sure defendant's current counsel had full discovery. But due to the government's unusual and unreasonable obstinance in this matter, the Court is granting defendant's motion and ordering the government

to produce to Mr. Miller a full and complete set of discovery (at least to the extent it currently exists), by two weeks from today.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel (Doc. 69) is granted, and the United States Attorney's Office is directed to provide Mr. Miller a full and complete set of existing discovery, without regard to what discovery Mr. Miller may have heretofore received, within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated this 29th day of July, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE